# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter |
| Rental Car Intermediate Holdings, LLC | Bankruptcy Case No. 20-11247 (MFW) |
| Debtor. | |
| Rental Car Intermediate Holdings, LLC | |
| Appellant, | |
| v. | C.A. No. 22-939-MN |
| Siobhan Abrams, et al., *(Prevailing Group 3 FPR Claimants),* and *(Prevailing Group of 4 FPR Claimants)* and Certain False Police Report Claims | Bankr. BAP No. 22-42 |
| Appellee. | |

## **RECOMMENDATION**

At Wilmington this **18th** day of **August, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties are presently engaged in substantive, private settlement discussions related to the claims of Appellees and others.  The parties agree that the appeal should not be delayed for possible resolution as a result of these discussions.  Further they agree that mediation focused on the discrete issues on appeal would not be fruitful and possibly counterproductive to these substantive discussions.  However, the parties disagree on a briefing schedule.

According to Appellant, on the same day the Bankruptcy Court entered the Order involved in this appeal, 47 of the Appellees filed an action in the Delaware Superior Court.  Through a motion currently pending in this Court, Appellant sought a stay of the state court action and any other action Appellees may commence during the pendency of this Appeal.  Appellant maintains that a stay is warranted because Appellant has a reasonable chance of success on appeal and will suffer irreparable harm due to Appellees relying on the Order to begin lawsuits in multiple fora.  Appellant requests that the Appeal be decided expeditiously.  Appellant notes that since the parties are familiar with the underlying issues, having previously briefed them repeatedly, no prejudice would result from a prompt briefing schedule.  Further, Appellees oppose Appellant's request for a stay and its proposed briefing schedule.

In addition, Appellees filed a motion to dismiss this Appeal, requesting that the Appeal be stayed pending the Court's decision on this motion.

Appellant's proposed briefing schedule on the Appeal and motion to dismiss as follows:

| | |
|---|---|
| Appellant's Opening Brief on Appeal and Response to the Motion to Dismiss | **14 days after entry of a Scheduling Order in this Appeal** |
| Appellees Answering Brief and Reply on Motion to Dismiss | **21 Days after Service of Appellant's Brief** |
| Appellant's Reply Brief | **21 days after Service of Appellees' Brief.** |

In response, Appellees note they have already moved to dismiss this Appeal, contending that the Order on Appeal is interlocutory on the following bases: (1) it does not dispose of the underlying motions as to all movants of which Appellees are a subset, and (2) the Order does not dispose of all legal issues raised in those motions by Appellees and other movants.

Due to the pendency of the motion to dismiss, they contend that briefing on Appeal should commence only upon entry of an order by this Court denying the motion to dismiss.  Therefore, Appellees propose the following briefing schedule:

| | |
|---|---|
| Appellant's Opening Brief | **30 days after entry of an order denying Appellees' Motion to Dismiss.** |
| Appellees' Answering Brief | **30 days after service of Appellant's Brief.** |
| Appellant's Reply Brief | **14 days after service of Appellees' Brief, but a reply brief must be filed at least 7 days before scheduled** |

3

**argument unless the Court, for good cause, allows a later filing.**

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 since it is consistent with the parties' request to remove this Appeal from mandatory mediation. The remaining considerations are whether two separate briefs are preferred by this Court or whether this Court prefers to address the issues involved a single brief.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge